UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMONE KNOX,

       Petitioner,

                                                   Case No. 15-cv-13794

v.

                                                   HON. MARK A. GOLDSMITH

TIM DONNELLON,

       Respondent.
_____/

## OPINION AND ORDER
## DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS (Dkt. 1) AS DUPLICATIVE OF CASE NO. 2:15-CV-13531

### I. INTRODUCTION

      Petitioner Raymone Knox, currently incarcerated at the St. Clair County Jail in Port Huron, Michigan, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. 1). Petitioner claims that he is being unlawfully detained at the county jail beyond the date for him to be discharged from federal custody for his conviction out of the United States District Court for the Eastern District of Michigan for one count of felon in possession of a firearm, 18 U.S.C. § 922(g). See United States v. Knox, No. 11-cr-11-20736 (E.D. Mich.).

      For the reasons that follow, the Court dismisses the petition as duplicative of a habeas petition pending before Judge Bernard A. Friedman.

### II. BACKGROUND

      On September 30, 2015, Petitioner filed a petition for writ of habeas corpus, in which he challenged his continued detention on his conviction for felon in possession of a firearm. Petitioner claims that he is being detained beyond his discharge date of October 16, 2015. The

1

petition remains pending before Judge Bernard A. Friedman. See Knox v. Donnellon, No. 2:15-cv-13531 (E.D. Mich.). A decision has not yet been rendered in that case.

On October 22, 2015, Petitioner filed a petition for writ of habeas corpus under this docket number, which raises the identical claims that he presented in his petition before Judge Friedman and makes the identical arguments.

### III. DISCUSSION

The Court dismisses the petition because it is duplicative of Petitioner's pending habeas action before Judge Friedman.

A suit is duplicative, and thus subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions. See Barapind v. Reno, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999). Petitioner's current habeas petition is subject to dismissal as being duplicative of his still pending first habeas petition, because both cases seek the same relief. Id.; see also Davis v. U.S. Parole Comm'n, 870 F.2d 657 (6th Cir. 1989) (table) (district court can properly dismiss a habeas petition as being duplicative of a pending habeas petition, where the district court finds that the instant petition is essentially the same as the earlier petition); Davis v. Sherry, No. 5:07-12470, 2007 WL 2002881, at *1 (E.D. Mich. July 5, 2007) (same).

In the present case, the instant petition challenges the same conviction and/or unlawful detention and makes the same legal arguments as the petition in the case pending before Friedman. A district court is permitted to take judicial notice of its own files and records in a habeas proceeding. See Van Woudenberg ex. rel. Foor v. Gibson, 211 F.3d 560, 568 (10th Cir. 2000). This Court is, therefore, permitted to take judicial notice of its own court documents and records in determining that the current habeas petition is duplicative of the previously filed application for habeas relief. Harrington v. Stegall, No. 2002 WL 373113, at *2 (E.D. Mich.

Feb. 28, 2002). Accordingly, the Court summarily dismisses the petition for writ of habeas corpus.

Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, Witham v. United States, 355 F.3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

### V. CONCLUSION

For the reasons stated above, the Court summarily dismisses the petition for a writ of habeas corpus as duplicative of the case of Knox v. Donnellon, No. 2:15-cv-13531 (E.D. Mich.), currently pending before Judge Bernard A. Friedman.

SO ORDERED.

Dated: November 4, 2015               s/Mark A. Goldsmith
       Detroit, Michigan              MARK A. GOLDSMITH
                                      United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 4, 2015.

                                      s/Karri Sandusky
                                      Case Manager